UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
PLANO DIVISION

| | |
|---|---|
| Rishikesh Raj Meesala, | ) C/A No.: 4:25-cv-1260 |
|                 Plaintiff, | ) |
| v. | ) |
| Progress Solutions, Inc. and Sai Jitendra Kalagara, | ) |
|                 Defendants. | ) |

**COMPLAINT**
**JURY TRIAL DEMANDED**

Defendants own an IT staffing company. They recruited and hired Plaintiff. And then they successfully petitioned for him to join their team on an H-1B visa. Things looked up for Plaintiff. But Defendants then started demanding Plaintiff pay his own salary. Defendants also refused to provide Plaintiff pay stubs, which are necessary for H-1B holders to transfer to a different H-1B employer, unless Plaintiff paid them. Then, when Plaintiff pushed back, they threatened him with ICE, threatened his father, and continued to refuse to pay him. These acts constitute labor trafficking, forced labor, and document servitude are crimes. 18 U.S.C. §§ 1589, 1590, 1592. Progress's and Kalagara's acts are unlawful and they've seriously hurt Plaintiff. Now Plaintiff seeks a jury to decide the damages he suffered.

**PARTIES**

1. Plaintiff Rishikesh Raj Meesala is a citizen of India residing in Westland, Michigan.

2. Defendant Progress Solutions, Inc. is a Texas corporation headquartered in Plano, Texas at 5345 Townsquare Drive, Suite 210, Plano, TX 75024.

3. Defendant Sai Jitendar Kalagara is the owner and CEO of Progress and directed all material conduct. He maintains a residence in Lewisville, TX. Kalagara knowingly benefited from the trafficking, document servitude, and forced labor of Plaintiff.

## JURISDICTION AND VENUE

4. This Court has federal-question jurisdiction under 28 U.S.C. § 1331 and 18 U.S.C. § 1595, which expressly authorizes civil actions for TVPA violations.

5. Venue is proper because Defendants reside here and the trafficking venture was directed from Plano, Texas.

6. This Court has personal jurisdiction over Defendants because Progress's Principal place of business is in this District and Division. And Kalagara has a dwelling in this district and division.

## FACTS

7. Plaintiff Rishikesh Raj Meesala ("Rishi") entered the United States lawfully on an F-1 visa, completed his Master's degree in December of 2023, and engaged in Optional Practical Training in a position related to his Master's degree.

8. In March 2024, Defendants Progress Solutions, Inc. ("Progress") and Sai Jitendra Kalagara ("Kalagara") recruited Rishi for an H-1B role, promising lawful employment and compliance with federal wage laws.

9. Rishi's H-1B was selected and approved in June 2024.

10. Under the H-1B program, Rishi's first day with Progress on an H-1B status would be October 1, 2024.

11.  On October 1, 2024, Progress and Kalagara placed Rishi on the "bench," told him they would not pay him while he was on the bench, and demanded cash payments from Rishi—Yes, they demanded their employee pay the employer—to issue payroll, violating anti-benching laws. *See* 20 C.F.R. § 655.731(c)(7)(i).

12.  Progress and Kalagara know that U.S. Citizenship and Immigration Services ("USCIS") requires regular pay rolls to be run for any extension or transfer H-1B application.

13.  Thus, by threatening to forgo payroll, Progress and Kalagara were implicitly threatening Rishi with his immigration status. If they didn't run Rishi's payroll, Rishi would not be able to maintain, extend, or transfer his H-1B.

14.  Rishi thus delivered approximately $8,800 in cash to Progress's Plano office under threat of losing his immigration status.

15.  Progress and Kalagara then withheld wages from Rishi from October – November 2024. Progress eventually paid him for December and January 2024. Despite continuing to work full time for a Progress end client, Progress has withheld wages from Rishi from February 1, 2025 to present.

16.  During this time, Defendants demanded cash payments totaling over $10,700 for filing fees, random expenses, and costs associated with the immigration process.

17.  Progress threatened to withdraw Rishi's H-1B unless he complied and made the payments.

18.  Progress and Kalagara threatened to "turn it over to ICE."

19.  Rishi incurred over $9,500 in credit-card debt due to unpaid wages.

20. In November 2025, Progress unlawfully accessed Rishi's Gmail account to monitor attorney communications and determine if Rishi had filed a wage and hour complaint.

21. After they learned Rishi had reached out to a couple of attorneys, Progress and Kalagara contacted Rishi's father in India to pressure Rishi to abandon complaints.

22. Kalagara told Rishi's father that if Rishi made complaints he'd let "ICE deal with it." Kalagara's threats extended to Rishi's immigration status, professional development, and character.

23. Over the past two weeks, upon information and belief, Progress has attempted to build a pretext to fire Rishi.

24. Progress and Kalagara kept scheduling meetings for Rishi to discuss his ongoing project, but Progress and Kalagara know that Rishi's most recent project ended two weeks ago. They are trying to schedule meetings he will miss so that they can terminate him without it looking like unlawful retaliation.

25. Similarly, Progress and Kalagara sent Rishi "mandatory" health care forms, but Progress has never provided Rishi health care, though they promised it in his contract. Upon information and belief, they are sending Rishi these forms to create a basis to fire him for noncompliance.

26. Progress and Kalagara withheld immigration documents and paystubs Rishi needed for H-1B portability, restricting Rishi's ability to leave and forcing him to keep working.

27. Rishi was unable to travel, missed his brother's wedding, and was effectively trapped.

28. Defendants owe Rishi at least $97,248.94 in unpaid wages and coerced payments.

29. Rishi suffered severe mental anguish and panic attacks.

## FIRST CAUSE OF ACTION
## FORCED LABOR (18 U.S.C. § 1589)

30. Rishi restates all allegations above as though restated here.

31. Defendants violated § 1589(a) by obtaining Rishi's labor through threats of serious harm, including threats to withdraw his H-1B.

32. Defendants threatened financial harm by withholding wages, demanding cash payments, and forcing Rishi into debt, satisfying the definition of "serious harm." See 18 U.S.C. § 1589(c)(2).

33. Defendants abused legal process by threatening to contact ICE and withdraw immigration sponsorship to compel labor, which constitutes abuse of process under the Torture Victim Protection Reauthorization Act.

34. Defendants created a coercive scheme by accessing Rishi's Gmail, monitoring attorney communications, and intimidating Rishi through his family.

35. Rishi reasonably believed failure to comply would result in deportation, financial ruin, and professional harm.

36. Defendants knowingly benefited financially from Rishi's coerced labor, meeting § 1589(b).

37. Rishi is entitled to damages and attorney fees under § 1595.

## SECOND CAUSE OF ACTION
## LABOR TRAFFICKING (18 U.S.C. § 1590)

38. Rishi restates all allegations above as though restated here.

39. Defendants recruited, harbored, and obtained Rishi for labor through coercion, threats, and abuse of immigration processes, satisfying § 1590(a).

40. Courts hold that immigration-based coercion constitutes trafficking. *See Muchira v. Al-Rawaf*, 850 F.3d 605, 620–23 (4th Cir. 2017); *Ricchio v. McLean*, 853 F.3d 553, 556 (1st Cir. 2017).

41. Defendants' threats of deportation, demands for cash, and withholding of wages constitute improper means under the TVPRA.

42. Defendants knowingly benefited from the trafficking venture in violation of § 1590(b).

43. Rishi suffered financial, emotional, and immigration-related harm.

44. Rishi is entitled to damages and attorney fees under § 1595.

## THIRD CAUSE OF ACTION
## (DOCUMENT SERVITUDE (18 U.S.C. § 1592))

45. Rishi restates all allegations above as though restated here.

46. Defendants knowingly withheld paystubs, wage statements, and H-1B immigration documents necessary for maintaining and transferring lawful status.

47. Courts recognize withholding immigration documents as coercive servitude.

48. Defendants accessed Rishi's Gmail account without consent to obtain information and intimidate Rishi, conduct consistent with coercive patterns recognized in TVPRA jurisprudence.

49. Withholding required documents prevented Rishi from transferring to a new employer or traveling abroad.

50. These acts constitute violations of § 1592(a).

51. Rishi is entitled to damages under § 1595.

## FOURTH CAUSE OF ACTION
### (TEXAS CIVIL HUMAN TRAFFICKING (Tex. Civ. Prac. & Rem. Code § 98.002))

52. Rishi restates all allegations above as though restated here.

53. Defendants trafficked Rishi for forced labor within Texas by making coercive demands for cash in Plano, Texas, withholding wages, and using immigration threats to compel labor.

54. Texas courts interpret § 98.002 consistently with federal trafficking standards, which include immigration-based coercion.

55. Rishi suffered financial, emotional, and reputational harm in Texas.

56. Rishi is entitled to actual damages, mental anguish damages, punitive damages, and attorney fees.

## FIFTH CAUSE OF ACTION
### (MICHIGAN HUMAN TRAFFICKING (MCL 750.462b et seq.))

57. Rishi restates all allegations above as though restated here.

58. Rishi resides in Michigan and experienced ongoing harm from Defendants' trafficking conduct while in Michigan.

59. Michigan courts interpret coercive immigration practices as trafficking under state law, consistent with federal case law.

60. Defendants' threats, nonpayment, and withholding of documents constitute trafficking under Michigan law.

61. Rishi is entitled to compensatory, treble, and punitive damages and attorney fees.

## SIXTH CAUSE OF ACTION
### (Alien Tort Statute – 28 U.S.C. § 1350)

62. Plaintiff realleges all facts above as though restated herein.

63. Rishi is an "alien" under 8 U.S.C. § 1101(a)(3) because he is a "not a citizen or national of the United States."

64. Defendants' actions as set forth above constitute the torts of trafficking in persons, involuntary servitude, slavery, and/or forced labor in violation of the law of nations and/or in violation of treaties of the United States.

65. The law of nations, including customary international law, is reflected, expressed and defined in multilateral treaties and other international instruments, international and domestic judicial decisions, and other authorities. These include, but are not limited to, the Protocol to Prevent, Suppress, and Punish Trafficking in Persons, Nov. 15, 2000, G.A. Res. 55/25, Annex II to the United Nations Convention Against Transnational Organized Crime, U.N. GAOR Supp. (No. 49), U.N. Doc. A/45/49 (Vol. I) (2001); Convention Concerning the Abolition of Forced Labor, June 25, 1957, 320 U.N.T.S. 291; Supplemental Convention on the Abolition of Slavery, the Slave Trade and Institutions and Practices Similar to Slavery, Sept. 27, 1956, 266 U.N.T.S. 3; Convention for the Suppression of the Traffic in Persons and of the Exploitation of the Prostitution of Others (1951); Convention Concerning Forced or Compulsory Labour, June 28, 1930, 39 U.N.T.S. 55; Convention to Suppress the Slave Trade and Slavery (1926); Universal Declaration of Human Rights, G.A. Res. 217A (Ill.), U.N. Doc. A/810, at 71 (1948); the International Covenant on Civil and Political Rights, Dec. 19, 1966, 999 U.N.T.S. 171, 61 I.L.M. 368; and the International Labour Organisation (ILO) on Fundamental Principles and Rights at Work, International Labour Conference (ILC) 86th Sess., June 19, 1998, § 2(c), 37 I.L.M 1233.

66. Defendants engaged in and/or knowingly benefitted financially for acts, including by his agents, that constituted the recruitment, transportation, transfer, harboring or receipt of Rishi by taking the following actions, including but not limited to:

    a. obtaining his labor through false promises of career advancement;

    b. obtaining his labor by withholding immigration documents;

  c. obtaining his labor through a false promise of getting paid;

  d. obtaining his labor through the abuse of legal process or the threat of serious harm, comprising threats that they would get him removed or deported;

  e. obtaining his labor and services by making threats against his family in India; and

  f. obtaining his labor and services by ensuring he lost immigration status which would prevent him from leaving their employ.

67. These acts were conducted by means of the threat or use of force or other means of coercion, abduction, fraud, deception, and the abuse of power or a position of vulnerability. The acts were taken for the purpose of exploitation, including for the purposes of obtaining labor and services from Rishi.

68. Defendants benefitted from the trafficking by obtaining and profiting from low-cost labor, at the expense of Rishi.

69. Rishi suffered injuries and damages as a result of these actions by Defendants.

70. Rishi's claims touch and concern the territory of the United States because the conduct alleged occurred in the United States.

71. By using trafficked and forced labor, Defendants were able to keep costs low, thereby putting them at a competitive advantage in the U.S. market.

72. Rishi's claims also touch and concern the territory of the United States because Defendants are citizens, nationals, or residents of the United States.

73. As a result of Defendant's conduct, Plaintiff has suffered damages in an amount to be determined at trial.

74. WHEREFORE Plaintiff demands judgment against all Defendants, jointly and severally, for actual, compensatory, exemplary, and punitive damages plus attorney fees and costs of litigation in an amount to be determined by a jury.

**PRAYER FOR RELIEF**

75.     Rishi requests judgment in his favor on all causes of action.

76.     Rishi requests compensatory, punitive, exemplary, treble, statutory, and treble damages.

77.     Rishi requests attorney fees and costs.

78.     Rishi requests all other relief the Court deems just.

79.     Rishi demands a trial by jury.

November 20, 2025                         Respectfully submitted,

                                          s/Brad Banias
                                          BRAD BANIAS
                                          Banias Law, LLC
                                          602 Rutledge Avenue
                                          Charleston, SC 29403
                                          843.352.4272
                                          brad@baniaslaw.com

                                          *pro hac vice pending*

                                          Attorney for Plaintiff